C., C., C. & St. L. R. R. Co. v. Monks.

## Cleveland, C., C. and St. L. R. R. Co. v. Comfort Monks, Administratrix of Edward Monks, deceased.

1. SPECIAL INTERROGATORIES—*Evidentiary Facts.*—It is not error to refuse to submit a special interrogatory which calls for a finding of evidentiary facts.

2. SPECIAL INTERROGATORIES—*What is an Evidentiary Fact.*—Where a defendant asked for the submission of the following special interrogatory—" Did the deceased use the slightest diligence to protect himself from injury when he started and proceeded to cross said railroad, and if so, in what did such diligence consist? "—*it was held* properly refused, as the clause " and if so, in what did such diligence consist," called for the evidence on which the jury based the special finding asked for.

3. NEGLIGENCE—*Use of Care and Diligence.*—The general rule is that in actions for personal injuries the plaintiff must prove that he was using due care at the time he was injured. It is a question of fact for the jury to determine from the evidence, whether or not the deceased was in the exercise of due care for his personal safety when he was struck by the defendant's engine. The proper determination of this question depends largely upon the circumstances surrounding the person injured at the time of or immediately preceding the injury.

4. NEGLIGENCE—*Measure of Care, etc.*—What might be required of a person in one case, to establish the fact that he was using due care for his personal safety when injured, might not be required in another case under different circumstances.

**Memorandum.**—Action for personal injuries. Appeal from the Circuit Court of Madison County; the Hon. ALONZO S. WILDERMAN, Judge, presiding. Heard in this court at the August term, 1893, and affirmed. Opinion filed March 23, 1894.

The statement of facts is contained in the opinion of the court.

WISE & McNULTY, attorneys for appellant.

DALE, BRADSHAW & TERRY, attorneys for appellee.

MR. JUSTICE GREEN DELIVERED THE OPINION OF THE COURT. This is a suit brought by appellee, as administratrix of her deceased husband, to recover damages to her as his widow, resulting from his death, alleged to have been occasioned by the negligence of appellant in failing to give

either of the signals as required by the statute, to ap-
prise deceased of the approach of its locomotive and train
to a public highway crossing, over which, while he was with
due care attempting to cross defendant's track, defendant's
engine ran into and struck him, and so injured him that he
died.    The jury found defendant guilty, and assessed plaint-
iff's damages at $1,000, and plaintiff took this appeal.    The
first reason urged for reversal is that the trial court erred
in not requiring the jury to answer the fifth, sixth, seventh,
eighth and ninth special interrogatories submitted by appel-
lant, as follows:

5th.    If the deceased had been listening, and paying
attention before he started across said track, or when the
whistle was blown, would he not have heard the same?

6th.    Did the deceased, before he stepped on said track,
look to see if a train was approaching?

7th.    Did the deceased, before he stepped on said track,
listen to see if a train was approaching?

8th.    Could not the deceased, had he looked after pass-
ing the line of cars on the side track, and while he was
about five feet from the west rail of the main track, have
seen the approaching train and been able to avoid the acci-
dent?

9th.    Did the deceased use the slightest diligence to pro-
tect himself from injury when he started and proceeded to
cross said railroad, and if so, in what did such diligence
consist?

Each of these interrogatories call for a finding of eviden-
tiary facts, not ultimate facts.    The ninth interrogatory calls
for a finding, not only of a fact which counsel for appellant
insists is an ultimate fact, viz., did deceased use the slight-
est diligence to protect himself from injury when he started
and proceeded to cross said railroad? but also calls for
a finding of an evidentiary fact, viz., in what did such dili-
gence consist?    If the contention of counsel is correct that
the failure on the part of deceased to use the slightest dili-
gence to protect himself from injury when he started and
proceeded to cross defendant's track, was a failure on his
part to exercise reasonable care for his own protection *at*

*the time he was killed,* the interrogatory should have asked for a finding only as to the fact whether he did or did not then use the slightest diligence for such purpose, and omitted that part which called for the evidence upon which the jury based the special finding asked for. Such interrogatories our Supreme Court have held to be improper in C. & N. W. Ry. Co. v. Dunleavy, 129 Ill. 133, and T. H. & Ind. R. R. Co. v. Voelker, 129 Ill. 540. In our judgment the trial court did not err in refusing to submit said interrogatories to the jury. It is next contended on behalf of appellant, that plaintiff below "failed to prove that deceased was struck and injured on a public crossing;" or "that the bell was not rung, or the whistle blown as required by law;" or "that deceased was using due care, and was killed in consequence of the failure to give the crossing signals." An examination of the evidence in the record satisfies us the proof was ample to establish the fact that the place where deceased was struck by defendant's engine was a public crossing, and no evidence to the contrary was introduced. The evidence was conflicting as to the fact of giving either of the statutory signals, but if the jury believed the testimony of plaintiff's witnesses upon that point, they were thereby justified in finding that no bell was rung and no whistle was blown on defendant's engine, as required by the statute, when it was approaching said crossing. If they found defendant was guilty of such negligence, they could also fairly conclude from the evidence that deceased was struck by the approaching engine in consequence of a failure to give either of the signals required by the statute to apprise him of its approach. But it is said "plaintiff failed to prove deceased was using due care at the time he was struck," and hence had no legal right to recover.

We understand the general rule to be, that such proof is essential to a recovery in this class of cases, and it is a question of fact for the jury to determine from the evidence, whether or not the deceased was in the exercise of due care for his personal safety when he was struck by defendant's engine, and the proper determination of this question depends largely upon the circumstances surrounding the per-

son injured at the time of or immediately preceding the injury. Hence, what might be required of such person in one case, to establish the fact that he was using due care for his personal safety when injured, might not be required in another case under different circumstances. In this case it appears that immediately before the accident, deceased and some others were talking together on the track of the C. & A. R. R., about fourteen feet west of the west rail of defendant's main track. That between these tracks was the side track of defendant's road, on which, south of the crossing, were a number of cars obstructing the view of a person to the south who was going east over the crossing, so that he could not see an approaching train coming from the south until he stepped off the east side of the side track, and on the north side of the crossing were also cars on the side track, leaving a space of thirty-six to forty feet between the cars, within which a person must walk, who desired to cross over. Deceased remarked to the persons with him on the C. & A. track, he believed he would go down to Venice and get shaved, and started east over the crossing toward his home, and as he stepped off the side track and was about to step on defendant's main track, its passenger train from the south came rapidly along and he was struck by the pilot beam of the engine, which extended six inches over the west rail, and was thrown quite a distance north and instantly killed. Two of the persons he had just left were witnesses and testified they were standing about fourteen feet west of him and saw the engine strike him. That no bell was rung or whistle blown on the train. That they did not hear, or see the train until the engine struck him. That he walked deliberately as men usually do. If these witnesses tell the truth, deceased was unwarned of the approach of the train, and in the absence of such warning might well feel secure in attempting to cross, relying upon defendant's performance of its statutory duty.

And the jury might also fairly conclude from the evidence that the train came so rapidly and suddenly upon him, after he reached the place at which he could first have seen it, that looking would have been unavailing to protect himself

from the collision, or that he was so startled and terrified by being so suddenly and unexpectedly put in peril of his life as to be incapable of acting for his own protection.

If the jury so found, deceased was not guilty of contributory negligence, such as would bar recovery, and exercised that due care under the circumstances required by the law. It is suggested by counsel for appellant in addition to the negligence of deceased in failing to stop and look before attempting to cross defendant's track, that he was in a troubled and dejected state of mind, and therefore paid no attention to sounds of warning as he ought to have done; that he carelessly pulled his hat down over his eyes, so that he could not see well, and that he intended to go down the railroad track of defendant toward Venice.

The abstract does not contain all the evidence touching these matters, and it does not appear, when the evidence in the record is considered, that deceased had his hat pulled over his eyes when he approached defendant's track, or that he intended walking down that track to Venice, but was walking in the direction of his home, which was on the east side of the track, some distance beyond it. And if he was disturbed in mind, it does not follow that for such reason he did not pay attention and hear signals, because those who were with him, who were not in that state of mind, heard no signal nor sound of a train. The reciprocal rights and duties of those in charge of trains when approaching highway crossings, and of persons traveling over the same, are quite fully discussed and defined in many adjudicated cases in this State, and among others, I. & St. L. R. R. Co. v. Stables, 62 Ill. 313; C., B. & Q. R. R. Co. v. Lee, 87 Ill. 454; C. & N. W. R. R. Co. v. Dunleavy, *supra*, and the views we express are in harmony therewith.

There was no error in giving plaintiff's instruction complained of. The jury were not misled by the omission to state what the statutory signals were, and if defendant felt they were not fully informed by the evidence upon that matter, an instruction giving such information could have been asked for.

Finding no cause for reversal, judgment is affirmed.